IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAULA J. FRENCH,

    Plaintiff,                                                  No. 2:12-cv-0792 CKD PS

    vs.

MICHAEL J. ASTRUE,                            ORDER
Commissioner of Social Security,

    Defendant.
                                     /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her appeal regarding the date of entitlement for widow's benefits, as the divorced wife of a wage earner. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

        Plaintiff applied on February 28, 2008 for widow's insurance benefits. Plaintiff was granted benefits but appealed the date of entitlement based on the allegation that a representative of the Social Security Administration provided erroneous information that mislead her to delaying the filing of her application by almost two years. Plaintiff seeks a "deemed" filing date of May 2006. In a decision dated November 23, 2010, the ALJ determined that

1

plaintiff's application for widow's insurance benefits was filed on February 28, 2008, but not earlier. Administrative Transcript ("AT") 14. The ALJ made the following findings:

1. The claimant filed an application for widow's insurance benefits on February 28, 2008.

2. The claimant has not submitted preferred evidence to support an earlier filing date.

3. Secondary evidence of an earlier filing date has been submitted nor can it be substantiated.

4. The secondary evidence is not sufficient to meet the claimant's burden of proof establishing that misinformation from an employee of the Social Security Administration caused her to delay filing a widow's insurance benefits claim prior to February 28, 2008.

5. The evidence is not sufficient to establish a "deemed" filing date prior to February 28, 2008 (20 CFR 404.633).

AT 14.

ISSUES PRESENTED

Plaintiff argues that she should be awarded benefits as of May 2006, when she attained the age of 60, despite the fact she cannot meet her evidentiary burden.[1]

.LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d

---

[1] The court addresses the merits of plaintiff's arguments below. However, the court notes that even if plaintiff prevailed in her argument, under the regulations plaintiff cannot be provided retroactive benefits because she was under full retirement age at the time she applied for benefits. See 42 U.S.C. § 402(j)(4); 20 C.F.R. §§ 404.409, 404.410. Plaintiff was so informed in the notice of reconsideration. AT 28-29.

1  625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The

2  ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and

3  resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations

4  omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more

5  than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

6  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.

7  1986), and both the evidence that supports and the evidence that detracts from the ALJ's

8  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may

9  not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.;

10  see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports

11  the administrative findings, or if there is conflicting evidence supporting a finding of either

12  disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

13  1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was

14  applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

15  ANALYSIS

16  In this case, plaintiff did not file an application for benefits until a few months

17  before she attained the age of 62. Plaintiff contends that when her divorced husband died in

18  2002, she was given misinformation regarding when she could obtain widow's benefits and that

19  if she had been provided the correct information, she would have applied for benefits at age 60.

20  Plaintiff may have a deemed earlier filing date if she was provided misinformation

21  by an agency employee. 42 U.S.C. § 402(j)(5). Under the governing regulations, however, the

22  deemed filing date based on misinformation must be supported by sufficient evidence. 20 C.F.R.

23  § 404.633. Such evidence may be "preferred" or "secondary." Preferred evidence includes

24  written evidence relating directly to plaintiff's inquiry about eligibility. 20 C.F.R. §

25  404.633(d)(1). Plaintiff concedes she can produce no preferred evidence.

26  \\\\\

1  Plaintiff has offered only her own statement that she was provided
2 misinformation.  This secondary evidence is uncorroborated by identification of the date of the
3 alleged contact, the identity of the employee who allegedly provided the misinformation or other
4 corroborating information, as required by the regulations.  20 C.F.R. § 404.633(d)(2).  Moreover,
5 plaintiff testified that when she contacted the agency in 2002 upon the death of her divorced
6 spouse, she was informed that she should make an appointment if she had more questions
7 regarding eligibility for widow's benefits.  AT 64-65.  Despite this advice, plaintiff did not make
8 an appointment at that time.  Plaintiff also testified that she was told to make an appointment
9 when she was ready to retire.  Plaintiff retired in October 2004 but did not make an appointment
10 until February, 2008.  AT 54.  Reviewing the record as a whole, the court concludes that the
11 ALJ's decision is supported by substantial evidence.

12 CONCLUSION

13  For the reasons stated herein, IT IS HEREBY ORDERED that:

14  1. Plaintiff's motion for summary judgment (dkt. no. 27) is denied;

15  2. The Commissioner's cross-motion for summary judgment (dkt. no. 28) is
16 granted; and

17  3. Judgment is entered for the Commissioner.

Dated: January 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
french792.ss